### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JACQUELINE PATRICK,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 16-00150-N** |
| | ) | |
| **PUBLIX SUPER MARKETS, INC.,** | ) | |
| **Defendant.** | ) | |

### ORDER

This action is before the Court on the Motion for Summary Judgment under Federal Rule of Civil Procedure 56 (Doc. 40) and separate memorandum and exhibits in support (Doc. 41) filed by Defendant Publix Super Markets, Inc. ("Publix"). Plaintiff Jacqueline Patrick has timely filed a response (Doc. 44), supported by exhibits, in opposition to the motion, and Publix has timely filed a reply and supporting exhibits (Doc. 45) to the response.   The motion is now under submission (*see* Doc. 43) and is ripe for disposition.

With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 12, 14).   Upon consideration, the Court finds that Publix's Motion for Summary Judgment (Doc. 40) is due to be **GRANTED**.

### I.    Summary Judgment Analytical Framework

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought.

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   "An issue of fact is 'material' if it might affect the outcome of the suit under governing law and it is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."   *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (quotations omitted).   "Summary judgment is only appropriate if a case is 'so one-sided that one party must prevail as a matter of law.' "   *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (citation omitted).   However, a " 'mere scintilla' of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment."   *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) (per curiam).   In other words, "there must be enough of a showing that the jury could reasonably find for that party … Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."   *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quotations omitted).

"[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Jackson v. West*, 787 F.3d 1345, 1352 (11th Cir. 2015) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration adopted) (quotations omitted)).   *See also Allen*, 121 F.3d 642, 646 (11th Cir. 1997) ("The evidence of the non-movant is to be believed,

2

and all justifiable inferences are to be drawn in his favor." (quotations omitted)). "The Court 'must avoid weighing conflicting evidence or making credibility determinations.'" *Ave. CLO Fund*, 723 F.3d at 1294 (quoting *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000)). However, "'an inference based on speculation and conjecture is not reasonable.'" *Id.* (quoting *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985)).

"Where, as here, the non-moving party bears the burden of proof on an issue at trial, the moving party, in order to prevail, must do one of two things: show that the non-moving party has no evidence to support its case, or present 'affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial.'" *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437–38 (11th Cir. 1991) (en banc)). "Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial." *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). "For issues on which the non-moving party will bear the burden of proof at trial, the non-moving party must either point to evidence in the record or present additional evidence 'sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.'" *Hammer*, 20 F.3d at 1141 (quoting *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993)).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: **(A)** citing to particular parts of materials in the record, including

3

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Allen*, 121 F.3d at 646 (quotation omitted). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Id.* (quotation omitted). "Conclusory allegations and speculation are insufficient to create a genuine issue of material fact." *Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015) (citing *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.")).

Importantly, " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)). Relatedly, while "it may consider other materials in the record[,]" the "court **need** consider **only** the cited materials…" Fed. R. Civ. P.

56(c)(3) (emphasis added).

## II.    Analysis

Patrick's complaint alleges, in sum, that she was injured on March 10, 2014, when she slipped and fell while shopping at a grocery store in Spanish Fort, Alabama, owned and operated by Publix.   Viewed in the light most favorable to Patrick, the evidence presented on summary judgment indicates that Patrick slipped on a clear liquid near the entrance to the store's produce section.   Patrick alleges causes of action for negligence (Count One) and wantonness (Count Two) against Publix arising from the incident.   (*See* Doc. 1-1).   Publix has moved for summary judgment on both.

### A.    *Negligence*

Under Alabama law,[1] to " 'establish negligence, a plaintiff must prove: (1) a

---

[1]      This civil action was originally filed in Alabama state court but was removed to this Court by Publix under 28 U.S.C. § 1441(a).   The amended notice of removal (Docs. 1, 8) alleges sufficient facts demonstrating that this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a), no party has challenged those facts, and the Court finds no basis in the record to question them *sua sponte*.
      "In a diversity action such as this one, a federal court must apply the choice-of-law principles of the state in which it sits."   *E.g., Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016).   " '*Lex loci delicti* has been the rule in Alabama for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.' "   *Ex parte U.S. Bank Nat. Ass'n*, 148 So. 3d 1060, 1069 (Ala. 2014) (quoting *Fitts v. Minnesota Min. & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991)).   "[T]he place of injury is in the state where the fact which created the right to sue occurs."   *Id.* at 1070.   Here, it is undisputed that Patrick's injuries occurred in Alabama, and all parties have argued that Alabama law applies to the claims at issue.   *Cf. Michel*, 816 F.3d at 695 ("Because no party has challenged the choice of New York libel law, all are deemed to have consented to its application." (quotation omitted)).   However, "[a]lthough the substantive aspects of this diversity case are

duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and

(4) damage or injury.' "   *Jones Food Co. v. Shipman*, 981 So. 2d 355, 361 (Ala. 2006)

(quoting *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala.1994), and *Albert v. Hsu*, 602 So.

2d 895, 897 (Ala. 1992)).   Here, it is uncontested that Patrick's alleged injuries

occurred while she was shopping at Publix's grocery store.

> Under Alabama law, a person invited onto another's premises for
> commercial purposes is an invitee. *See Ex parte Mountain Top Indoor
> Flea Market, Inc.,* 699 So. 2d 158, 161 (Ala. 1997). The duty owed by the
> invitor to an invitee is to exercise ordinary and reasonable care to keep
> the premises in a reasonably safe condition. *Winn–Dixie v. Godwin,* 349
> So. 2d 37 (Ala. 1977).   The party who controls the premises is not an
> insurer of the safety of the invitee, and no presumption of negligence
> arises from the mere fact of an injury to the invitee. *See Great Atl. &
> Pac. Tea Co. v. Bennett,* 267 Ala. 538, 103 So. 2d 177 (1958).

*Id.   See also Kmart Corp. v. Bassett*, 769 So. 2d 282, 284–85 (Ala. 2000) ("[A]

premises owner is liable in negligence only if it 'fail[s] to use reasonable care in

maintaining its premises in a reasonably safe manner.' " (quoting *Hose v. Winn–

Dixie Montgomery, Inc.*, 658 So. 2d 403, 404 (Ala. 1995)). "[M]ere proof of an accident

or injury is not enough to establish negligence." *Knox v. United States of America,*

978 F. Supp. 2d 1203,1209 (M.D. Ala. 2013).

For a claim of negligence against a business invitor, "injured 'plaintiffs must

prove that the injury was proximately caused by the negligence of [the store owner]

or one of its servants or employees. Actual or constructive notice of the presence of

the substance [or instrumentality that caused the injury] must be proven before [the

---

controlled by the law of [Alabama], federal law controls the procedural aspects.   The
grant of summary judgment is therefore controlled by Federal Rule of Civil
Procedure 56."   *Hammer*, 20 F.3d at1140 (citations omitted).

store owner] can be held responsible for the injury.' " *Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1192 (Ala. 2002) (quoting *Maddox v. K–Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990)).   "Actual or constructive notice" may be proved by showing " '(1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] had actual notice that the substance was on the floor; or (3) that [the storekeeper] was delinquent in not discovering and removing the substance.' " *East v. Wal-Mart Stores, Inc.*, 577 So. 2d 459, 461 (Ala. 1991) (quoting *Maddox*, 565 So. 2d at 16). "Where, however, the defendant or his employees have affirmatively created the dangerous condition, the plaintiff need not introduce evidence that the defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts *presume* notice." *Denmark*, 844 So. 2d at 1192 (quotations omitted).

In support of the motion for summary judgment on the negligence claim Publix maintains that Patrick is unable to produce evidence that would allow a reasonable jury to find actual, constructive, or presumed notice of the liquid that caused her fall. Publix cites Patrick's own deposition testimony that she did not see the liquid before her fall and does not know how the liquid got on the floor or how long it had been there.   (Doc. 41-1 at 7 [Patrick Deposition, p. 57]).   In further support of the motion, Publix also submits affidavits from Publix employees Ashley Wooten and Khaleahcia Ford, both of whom were working at the Spanish Fort Publix store at the time Patrick fell.   Wooten avers that she walked through the area where the fall occurred approximately 7 minutes prior to the accident, at which

time she "did not see any water and/or any other liquid substance on the floor…, nor did any other employee or customer notify [her] of, or direct [her] attention to any water and/or other liquid substance on the floor before Ms. Patrick's accident." (Doc. 41-2).   Ford avers that she was working at the store's bakery counter when she heard something, looked up, saw Patrick on the floor near the entrance of the produce section, and went over to check on her.   (Doc. 41-3 at 2).   Ford states that she was unaware of anything on the floor prior to the accident that could have caused Patrick's fall, and avers that no other employee or customer directed her attention to any slippery substance on the floor in the area.   (*Id.*).   Further, there is no evidence before the Court that anyone saw any substance on the floor after Patrick's fall.

Considering the foregoing, the undersigned finds that Publix has met its initial burden as the summary judgment movant of showing that Patrick has no evidence to prove notice to Publix, whether actual, constructive, or presumed, of the hazard that caused her injuries, thus making her unable to prove the "proximate causation" element of her negligence claim.   Thus, the burden of shifts to Patrick to show that specific facts exist that raise a genuine issue for trial as to notice.

In response, Patrick does not argue actual or constructive notice but claims that she can present sufficient evidence allowing a reasonable inference that Publix affirmatively created the liquid patch, thus allowing for presumed notice. Specifically, Patrick argues that, "[w]hether it came from a Publix employee actually cutting the fruit or whether the cut fruit was insufficiently packaged to contain the

liquid, the fluid on the floor is the direct result of the acts of Publix and/or a Publix employee." (Doc. 44 at 7). In support, Patrick relies solely on the deposition testimony of Michael Gayheart, the store's customer service manager. Gayheart, who was at the store the day of the accident, did not witness Patrick's fall but went to the area after Ford notified him of the incident, where he had an opportunity to observe Patrick before paramedics took her away. (Doc. 44-3 at 3 – 4 [Gayheart Deposition Trans., pp. 8 – 9]). Gayheart testified that he did not see any liquid on the floor at the scene of the accident but observed a wet patch about the size of a silver dollar on the backside of Patrick's pants. (*Id.* at 5 – 6 [pp. 13 – 14]).[2] Upon questioning, Gayheart stated that he did not know where the liquid came from but, "[g]iven the location, []would assume that it would have came from [the] cut fruit section, which is located right where she fell" and was "the only spot where there's a viable source for liquid" – specifically, "water that comes from the fruit" when it is cut. (*Id.* at 6 – 7 [pp. 14, 24]). Gayheart also testified that, as part of Publix's investigation of the incident, he reviewed camera footage of the area of Patrick's fall at the time of, and for an unspecified amount of time prior to, the fall and did not find any other potential source of the liquid. (*Id.* at 12 – 13 [pp. 29 – 30]). Gayheart discounted a nearby cooler as a source of the liquid. (*Id.* at 7 [p. 24]).

In *Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463 (Ala. 1992),

> [t]he plaintiff slipped and fell in water while in the produce section of defendant's store. She testified that when she entered the store she passed the produce section and that at that time an employee was

---

2 Patrick said in her deposition there was "quite a bit" of water "because [her] whole side was soaked." (Doc. 45 Exhibit B, p. 53).

setting out vegetables with water on them. She stated that she fell after she returned to the produce section within a "couple of minutes." The evidence also showed that vegetables were regularly washed and put out near the area where the fall took place and that that area was checked every 20 to 25 minutes. Finally, the evidence before the trial court indicated that no water was seen on the floor until after Ms. Dunklin's fall.

595 So. 2d at 456. The Alabama Supreme Court held: "Although there was considerable dispute in the evidence about the source of the water on the floor where Ms. Dunklin slipped, we find that Ms. Dunklin did present substantial evidence that the water in which she slipped was spilled on the floor by a Winn–Dixie employee…The record contains evidence from which a jury could reasonably infer that a Winn–Dixie employee spilled water on the floor while setting out wet produce[,]" thus allowing for a presumption of notice of the hazard. *Id.*

*Dunklin* is distinguishable from the present case. In *Dunklin*, the plaintiff testified she actually *witnessed* an employee placing wet produce on display shortly before her fall or that liquid was in fact dripping from inadequately packaged produce. To the contrary, Patrick does not present any evidence indicating that Publix employees were actually cutting, packaging, or otherwise handling fruit around the time of her fall.

In *Howard v. Kroger Co.*, 752 So. 2d 504 (Ala. Civ. App. 1999), the plaintiff, was injured when she slipped on a clear substance while walking past a grocery store meat counter. 752 So. 2d at 504. In reversing the trial court's grant of summary judgment to the defendant on Howard's negligence claim, the Alabama Court of Civil Appeals held: "Howard's shopping companion, Bledsoe, testified that,

10

after Howard fell, the store manager asked one of the employees where the water came from.    Bledsoe further testified that the employee told the manager that the water came from a meat cooler and that the meat cooler had been leaking for some time. *Id.* at 505.   In *Howard*, evidence indicated the water was leaking from a cooler that was *known to have been malfunctioning prior to the plaintiff's fall*.   To the contrary, in the present case Plaintiff does not submit evidence of any specific act by a Publix employee that could reasonably be tied to the creation of the wet patch. *See Rhodes v. United States*, 2007 WL 2710385, at *4 (M.D. Ala. Sept. 13, 2007)("Rhodes has not shown that the defendant affirmatively created the hazardous condition. Rhodes speculates that '[s]ince no one other than the custodian or post office employee would wax the floors' the post office must have waxed the floor … Rhodes has offered no evidence to substantiate her conjectures that the floor was waxed and that the white powder on her shoes came from the defendant's wax. Unlike the plaintiff in Dunklin, Rhodes is unable to demonstrate how post office employees created the condition that caused her to fall. *See Dunklin*, 595 So.2d at 465. Rhodes has not established that wax was used in the post office that day and has not shown the post office created the dangerous condition."). *Cf. Horne v. Gregerson's Foods, Inc.*, 849 So. 2d 173, 175 (Ala. Civ. App. 2002) (evidence indicated wet floor caused by store employee packing produce bins with ice); *Edwards v. Kroger Co.*, 681 So. 2d 223 (Ala. Civ. App. 1996) ("Mrs. Edwards testified that as she fell, she saw a piece of cardboard fly out from under her feet. A Kroger employee retrieved the piece of cardboard from the floor near where Mrs. Edwards

fell and kept it in a store file…Mrs. Edwards presented testimony that earlier in the day and near the area where she fell, three Kroger employees had been stocking shelves from cardboard boxes and then breaking those boxes down and removing the pieces. Viewing the evidence in the light most favorable to the nonmovants, the Edwardses, we conclude that they presented substantial evidence that a Kroger employee created the hazardous condition; thus, the Edwardses eliminated the necessity of proving Kroger had notice of the condition.").

Patrick essentially argues that, because Gayheart's testimony indicates his assumption that the only possible source of the liquid was the store's cut fruit section, a reasonable jury could infer that the source of the liquid could only have been created by the Publix employees working at the cut fruit section, regardless of what specific actions might have led to its creation. However, Patrick cites no authority to support this theory,[3] and the undersigned is not persuaded. *See Williams v. Wal-Mart Stores, Inc.,* 584 F.Supp 2d 1316, 1320 (M.D. Ala. 2008) ('[t]here is no case law to support the argument that simply having employees in the vicinity provides evidence of negligence."). Moreover, there is no evidence that a Publix employee was working cutting fruit in that section prior to the Plaintiff's fall. Indeed, as Publix points out in its reply, immediately following the testimony on which Patrick relies, Gayheart further testified:

> Q [by Patrick's counsel]: So the only viable source of liquid for you is the
> cut fruit section, correct?

---

[3] At most, Plaintiff has string cited a line of Alabama cases supporting the general proposition of presuming notice when a defendant affirmatively creates the dangerous condition.

A: Besides the other customers that would have come through the area.

Q: Well, I asked you while ago whether or not you saw any other sources, and you said no.

A: Because I did not see any at that moment when I'm standing there.

Q: But you went back and viewed the video; correct?

A: Yes.   After reviewing the video.

Q: And you didn't see anything in the video that caused you to believe it came from any of the other customers?

A: No, sir.

Q: No, that's incorrect, or no, you didn't see anything?

A: Yeah.   The camera angle doesn't really show the area in which she fell, so I can't say for - - I can't for a hundred percent positivity say that it came from a customer, nor can I say that it came from the cut fruit area.

Q: But as we sit here today, you believe it's more likely than not that it came from the cut fruit section?

A: No.

(Doc. 45-1 at 3 – 5 [Gayheart Depo. Trans., pp. 33 – 35] (objections and commentary by Publix's counsel omitted)).   Given that Gayheart later admitted he could not fully see the area in which Patrick fell on the camera footage,[4] his testimony that the cut fruit section was the only viable source of the liquid does not arise above mere speculation, which is insufficient to create a genuine issue of material fact. *Valderrama*, 780 F.3d at 1112. Thus, Patrick has failed to produce sufficient

---

4 The undersigned has viewed the camera footage.   However, the footage does not clearly show the condition of the floor where Patrick fell.   (Doc. 47)

evidence demonstrating a genuine issue of material fact as to whether Publix "affirmatively created" the wet patch on which Patrick slipped that would allow for presumed notice.   Moreover, she has failed to present any argument or evidence of actual or constructive notice.   Patrick has presented only speculation about the cause of the fall, which the undersigned finds insufficient to overcome a summary judgment motion.   *See Giles v. Winn-Dixie Montgomery*, 574 Fed. Appx 892, 894 (11th Cir. 2014) citing *Cordorba v. Dillard's Inc.,* 419 F.3d 1169, 1181 (11th Cir. 2005) ("unsupported speculation…does not meet a party's burden of producing some defense to a summary judgment motion.   Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.") (emphasis in original). Accordingly, Publix's motion for summary judgment is due to be **GRANTED** as to Patrick's negligence claim in Count One of her complaint.

### B.      *Wantonness*

The Alabama Supreme Court has explained that wantonness "is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability."   *E.g., Ex parte Anderson*, 682 So. 2d 467, 470 (Ala. 1996) (quotation omitted).   In Alabama, wantonness "has been defined as the conscious doing of some act or the omission of some duty while under knowledge of existing conditions and while conscious that, from the doing of such act or the omission of such duty, injury will likely or probably result, and before a party can be said to be guilty of wanton

14

conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the result." *Berness v. Regency Square Assocs., Ltd.*, 514 So. 2d 1346, 1349 (Ala. 1987) (quotation omitted). Publix argues it is due summary judgment on Patrick's wantonness claim because she can produce no evidence from which a reasonable trier of fact could conclude that any Publix employee or agent "consciously and intentionally" did, or failed to do, something that resulted in the wet patch on which she slipped.

Patrick does not address the issue of wantonness at all in her response to Publix's motion for summary judgment. As such, she is deemed to have abandoned her wantonness claim.[5] Alternatively, considering the evidence of record, *see supra*, the undersigned finds that Publix has made a *prima facie* showing that it is due judgment as a matter of law on the issue of wantonness because there is no

---

[5] *See, e.g.*, *Clark v. City of Atlanta, Ga.*, 544 F. App'x 848, 854–55 (11th Cir. 2013) (per curiam) (unpublished) ("Mr. and Ms. Clark also argue on appeal that there was no need for them to respond to the defendants' motion for summary judgment on the § 1983 excessive force and state law claims because the defendants' contentions did not support the entry of summary judgment. We, however, agree with the district court's determination that in failing to respond to the defendants' arguments, Mr. and Ms. Clark abandoned their excessive force and state law claims. 'In opposing a motion for summary judgment, a party may not rely on his pleadings to avoid judgment against him.' *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (citation and internal quotation marks omitted). As such, '[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.' *Id.* (citation omitted). Instead, 'the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.' *Id.* (citations omitted). The district court, therefore, properly treated as abandoned the Clarks' excessive force and state law claims, which were alleged in the complaint, but not addressed in opposition to the motion for summary judgment.").

genuine issue of fact as to whether Patrick's injuries were caused by the conscious and intentional action or inaction of a Publix agent, and Patrick has failed to rebut that showing.   *See Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998) (defining "wantonness" as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.").   Accordingly, Publix's motion for summary judgment is due to be **GRANTED** as to Patrick's wantonness claim in Count Two of her complaint.

### III.   Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Publix's Motion for Summary Judgment under Rule 56 (Doc. 40) is **GRANTED** and that Patrick's claims for negligence and wantonness are due to be **DISMISSED with prejudice**.   Final judgment shall be entered accordingly by separate document under Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 28th day of March 2017.

*/s/Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**